UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
EASTERN DIVISION

| | |
|---|---|
| GREEN RUSH, LLC, d/b/a XHALE CITY<br><br>Plaintiff,<br><br>v.<br><br>XHALE TOBACCO & HOOKAH, INC.; X HALE SMOKE SHOP #3 INC.; XHALE SMOKE 5 INC.; XHALE SMOKE SHOP 5, Inc.; XHALE SMOKE SHOP 6 INC.; XHALE SMOKE SHOP INC.; and MOOSA HADWAN.<br><br>Defendants. | Civil Action No.  2:23-cv-71-KS-MTP<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Green Rush, LLC d/b/a/ XHALE CITY ("Xhale City" or "Plaintiff"), by and through its undersigned counsel, files the instant Complaint against Defendants Xhale Tobacco & Hookah, Inc., X Hale Smoke Shop #3 INC., Xhale Smoke 5 Inc., Xhale Smoke Shop 5, Inc., Xhale Smoke Shop 6 Inc., Xhale Smoke Shop Inc., (collectively the "XTHI Defendants") and Moosa Hadwan (XTHI Defendants and Mr. Hadwan collectively referred to as "Defendants").

## INTRODUCTION

1. Beginning in 2014, Xhale City opened its doors to provide consumers with an impressive selection of tobacco and vaping products under the mark XHALE CITY. Xhale City now offers smoking and vaping supplies at over 30 locations throughout the United States, and the mark "XHALE CITY" has been federally registered since 2016. Xhale City opened a location in Hattiesburg, Mississippi, in early 2022.

2. Despite Xhale City's federal registration, a vape shop opened in Hattiesburg in January 2021 under the mark "XHALE SMOKE SHOP." Since then, several other "Xhale

1

Smoke" locations have opened in Mississippi. These stores sell tobacco and vaping products, offering identical services as Xhale City.

3. In March 2022, upon learning of the use of the XHALE SMOKE mark, Plaintiff promptly demanded that Xhale Tobacco & Hookah, Inc. and its owner, Moosa Hadwan, cease use of the mark, prompting them to propose that they would undertake a name change.

4. No rebrand occurred as discussed, and, beginning in late 2022, two additional Xhale Smoke locations opened and paperwork has been filed to open a third, for a total of five stores. These five stores are each owned by one of the XTHI Defendants, although it is unclear which XTHI Defendant operates each store.

5. Defendants' use of the XHALE mark creates a false association between Xhale City and the XTHI Defendants in the minds of consumers. As a result, to protect the goodwill that it has established in the XHALE mark, Plaintiff brings this action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); trademark infringement and unfair competition under the common law of Mississippi; and unjust enrichment under the common law of Mississippi. As described below, Xhale City seeks injunctive relief, an accounting of Defendants' profits flowing from its use of the infringing mark, damages, attorneys' fees, and any other such relief as the Court may deem just and proper.

## **PARTIES**

6. Green Rush, LLC is a limited liability company organized and existing under the laws of Georgia, with its principal place of business located at 759 Braselton Hwy, Ste. B, Lawrenceville, GA, 30043, USA.

7. Upon information and belief, Xhale Tobacco & Hookah, Inc., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located at 4400 Hardy St., Ste. B8, Hattiesburg, MS 39402, whose registered agent is Mossa Hadwan, 129 Beechwood Dr., Hattiesburg, Mississippi, 39402.

8. Upon information and belief, X Hale Smoke Shop #3 INC., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located in Mississippi, whose registered agent is Mohamad Ali Hadwan, 503 Cox Ave., Hattiesburg, Mississippi, 39402.

9. Upon information and belief, Xhale Smoke 5 Inc., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located at 612 Maplewood Drive, Hattiesburg, Mississippi, whose registered agent is Moosa Hadwan, 612 Maplewood Drive, Hattiesburg, Mississippi, 39402.

10. Upon information and belief, Xhale Smoke Shop 5, Inc., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located at 612 Maplewood Drive, Hattiesburg, Mississippi, whose registered agent is Moosa Hadwan, 612 Maplewood Drive, Hattiesburg, Mississippi, 39402.

11. Upon information and belief, Xhale Smoke Shop 6 Inc., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located at 612 Maplewood Drive, Hattiesburg, Mississippi, whose registered agent is Muad A Hadwan, 403 Idelwild Dr., Hattiesburg, Mississippi, 39402.

12. Upon information and belief, Xhale Smoke Shop Inc., is a corporation organized and existing under the laws of Mississippi, with its principal place of business located at 608

Bramblewood Dr., Hattiesburg, Mississippi, 39402, whose registered agent is Imaduddin Aiyaash, 608 Bramblewood Dr., Hattiesburg, Mississippi, 39402.

13. Upon information and belief, Moosa Hadwan is an individual and a citizen of Mississippi. Upon information and belief, Moosa Hadwan resides at 612 Maplewood Drive, Hattiesburg, Mississippi, 39402.

## JURISDICTION AND VENUE

14. This is a civil action for federal trademark infringement under 15 U.S.C. § 1114, unfair competition arising under 15 U.S.C. § 1125(a), common law trademark infringement in violation of Mississippi law, and seeking injunctive relief, and damages.  It also seeks attorneys' fees.

15. This Court has subject matter jurisdiction over this pursuant to 28 U.S.C. §§ 1331 and 1338 because it presents a federal question and concerns a registered trademark.  The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

16.   This Court has personal jurisdiction over the XHTI Defendants because they each maintain a principal place of business, and continuously and systemically conduct, transact, and solicit business in this State and District. This Court has personal jurisdiction over Moosa Hadwan because he is a citizen of this State and District.

17. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(2) and 1391(c) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

18. For more than nine years, Plaintiff has been using the mark XHALE CITY in connection with retail store and online retail store services featuring tobacco, tobacco products,

4

hookah products, electronic cigarettes, vaping products, and other smokers' articles, and business management services.

19. Xhale City started as a small company in Atlanta, Georgia. Its mission is to be the premier provider of the hottest trending products at the best prices. Since opening its doors in 2014, it has become one of the largest smoke and vaping supply outlets in the Southeast.

20. Xhale City's stores and selection set the standard in the smoking and vaping industry, especially in the Southeast. Due in large part to Xhale City's selection, promotional efforts, and continued expansion, Xhale City has continued to achieve significant commercial success and become widely recognized in the industry amongst consumers.

21. Xhale City opened a store in Hattiesburg on March 18, 2022, at 6062 US-98.

22. As a result of Xhale City's reputation, use, substantial sales success, and significant investment in advertising, the XHALE CITY mark has become a strong trademark exclusively identifying Plaintiff's services. As such, the XHALE CITY mark represents enormous goodwill and is an extremely valuable asset to Plaintiff.

23. On June 28, 2016, the mark "XHALE CITY" registered with the U.S. Patent and Trademark Office ("USPTO") under Reg. No. 5,040,262 ("the '262 Registration") in Class 35 for "Retail store and online retail store services featuring tobacco, tobacco products, rolling papers, hookahs, pipes, water pipes, electronic cigarettes and refills, vapor liquids, electronic vaping devices, lighters, matches, and other smokers' articles; Providing advice in the running of establishments as licensees; Providing advice in the running of establishments that operate businesses branded under a licensed trademark or service mark; Offering business management assistance in the establishment and/or operation of smoke shops and electronic cigarette retail

stores; Business organization and operation consultancy." A copy of the Certificate of Registration for this mark is attached **as Exhibit A**.

24. Since at least August 1, 2014, until present, Xhale City has used the mark "XHALE CITY" in commerce in connection with the services listed in its registration certificate.

25. The federal registration of XHALE CITY constitutes *prima facie* evidence of Plaintiff's validity and conclusive evidence of Xhale City's exclusive rights to use the XHALE mark in connection with the services identified therein and other related services.

26. The registration of the XHALE CITY mark also provides constructive notice to the Defendants of Xhale City's ownership and exclusive rights in the XHALE CITY mark.

27. Due to Xhale City's continuous use of XHALE CITY, in commerce, for over seven years, the mark has achieved public recognition and developed acquired distinctiveness in connection with retail store and online retail store services, in association with tobacco, tobacco products, hookah products, electronic cigarettes, vaping products, and other smokers' articles, and related business services.

28. On August 17, 2022, the USPTO accepted Plaintiff's Section 15 declaration and acknowledged that the XHALE CITY mark is incontestable.

29. The mark "XHALE SMOKE SHOP" was first used on or around January 1, 2021, in connection with a vape and smoke shop located at 4400 Hardy Street Ste. B8, in Hattiesburg. Images from the store's Facebook page are shown below and also attached **as Exhibit B**.





30. As is clear from the Facebook images, this shop sells tobacco, hookah, vaping goods, and accessories. *Id.* These products are identical to those sold by Xhale City.





31. A second "XHALE SMOKE" location opened in Columbia, Mississippi, in November 2021.

32. Xhale City opened its first store in Hattiesburg on March 18, 2022, and immediately became aware of these "Xhale"-formative mark on identical services.

33. On March 30, 2022, Plaintiff sent a letter to Xhale Tobacco & Hookah, Inc. and its owner, Moosa Hadwan. The letter outlined Plaintiff's rights in the XHALE mark through its federal registration and requested discontinuation of any mark containing the term "XHALE" or any imitation thereof. The letter is attached **as Exhibit C**. A copy of the return receipt is attached **as Exhibit D**.

34. Xhale City received no response and followed up with a second cease and desist with draft complaint attached on April 27, 2022. A copy of the April 27th letter is attached **as Exhibit E.**

35. After receiving the draft complaint, Mr. Hadwan called Plaintiff's counsel on May 16, 2022, and proposed changing the name to try to avoid confusion.

36. Mr. Hadwan also indicated on the call that the stores were all owned by the same entity and controlled by Moosa Hadwan.

37. Since proposing the name change, Mr. Hadwan has opened at least two other XTHI stores, one in Seminary, Mississippi, and the other in Ellisville, Mississippi.

38. Numerous XTHI entities have been registered with the Mississippi Secretary of State following the creation of that Xhale Tobacco & Hookah, Inc.

39. Upon information and belief, each XTHI Defendant is owned by Mr. Hadwan, and each XTHI Defendant operates one of the "XHALE SMOKE" branded stores. Mr. Hadwan has directed, controls, ratifies, participates in, or is the moving force behind the use of the "XHALE SMOKE SHOP" mark on each location.

40. On information and belief, one of the XTHI Defendants and Mr. Hadwan opened the Seminary location in November 2022, seven months after proposing the name change. The earliest evidence of the Seminary location is below and attached **as Exhibit F**.



41. On information and belief, one of the XTHI Defendants and Mr. Hadwan opened the Ellisville location in February 2023. The earliest evidence of the Seminary location is below and attached **as Exhibit G**.



42. The four known XTHI stores now completely surround the Xhale City store in Hattiesburg, MS. A map showing the XTHI stores and Xhale City locations is shown below.

10



43. In February 2023, counsel for Plaintiff once again contacted Defendants in a phone call, and Defendants requested "a few weeks" to speak with attorneys before complying with a name change. Following that call, no follow-up was received, and counsel for Xhale City repeatedly tried to contact Defendants on multiple occasions between March 2023 and the filing of this complaint to no avail.

44. On March 23, 2023, an application was filed for "Xhale Smoke Shop 6 Inc." with the Mississippi Secretary of State, showing continued intent to infringe. A copy of the Secretary of State website search for "xhale" and the Xhale Smoke Shop 6 Inc., filing is attached **as Exhibit H**.

45. As of May 2023, four "Xhale Smoke Shop" locations have opened in Mississippi: in Hattiesburg, Columbia, Seminary, and Ellisville.

11

46. Defendants are not associated or affiliated with Xhale City. Also, Xhale City has never authorized, approved, or otherwise licensed use of its XHALE CITY mark in connection with the sale or offering for sale of any goods or services by any Defendant.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114(1))

47. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-46 of this Complaint as if set forth in full.

48. Defendants' advertising, promotion, offering for sale and sale of tobacco, hookah, vaping, and related products using an identical and/or confusingly similar version of Plaintiff's XHALE mark on identical and/or overlapping goods or services is likely to cause confusion, deception, or mistake as to the source or sponsorship of Defendants' goods or services.

49. Such use falsely represents Defendants as being legitimately connected with and/or authorized with Xhale City. It also places beyond Xhale City's control, its own reputation and ability to control the XHALE mark or quality of good and/or services offered under the mark.

50. Defendants' mark is confusingly similar to Xhale City's federally registered mark, protected under the '262 Registration, in violation of 15 U.S.C. § 1114.

51. Defendants' activities thereby demonstrate an intentional, willful, and malicious intention to reap the benefit of the goodwill of Xhale City.

52. Defendants have caused and are likely to continue causing substantial injury to Xhale City. Xhale City is entitled to injunctive relief and to recover profits, actual damages, enhanced profits, damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a))

53. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-52 of this Complaint as if set forth in full.

54. Plaintiff has continued to use the XHALE CITY mark in interstate commerce to advertise, promote, and distinctly identify its services, including, but not limited to, retail and online store services which feature tobacco products, hookahs, electronic cigarettes, electronic vaping devices, lighters, matches, and other smokers' articles and paraphernalia.

55. Xhale City owns federal trademark registration number 5,040,262 for XHALE CITY.

56. Defendants have now used the mark "XHALE SMOKE SHOP" in interstate commerce to advertise and promote a retail store that offers and provides tobacco, hookah, and vape products and accessories.

57. Defendants' use of "XHALE" in association with goods and services that are identical, related and/or substantially similar to those offered by Xhale City under the XHALE CITY mark constitutes a false designation of origin and false representation as to the origin or source of Defendants' goods and services.

58. Defendants demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's mark which continues to cause great and irreparable harm to Xhale City.

59. Defendants' use of the XHALE mark is intended to reap the benefit of the goodwill of Xhale City and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. Defendants have caused and are likely to continue causing substantial injury to Xhale City. Plaintiff is thereby entitled to injunctive relief and to recover profits, actual damages,

enhanced profits, damages, costs, and reasonable attorney's fees under 15 U.S.C. § 1125(a), 1116, and 1117.

## COUNT III
## COMMON TRADEMARK INFRINGEMENT UNDER
## MISSISSIPPI'S TRADEMARK STATUTE, MISS. CODE ANN. § 75-25-23

61. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-60 of this Complaint as if set forth in full.

62. The acts of Defendants constitute trademark infringement under the law of the State of Mississippi, Miss. Code Ann. § 75-25-23.

63. Xhale City's XHALE mark is a valid common law trademark.

64. Upon information and belief, Defendants deliberately appropriated the XHALE mark with the intent to trade off the goodwill and reputation established by Xhale City.

65. Defendants' actions, as described above, are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval of Defendants' services, the products it sells, or its commercial activities.

66. By engaging in the conduct described above, Defendants have directly and knowingly benefitted, including without limitation, to unjust benefits from its unlawful use, misappropriation, and infringement of Xhale City's trademark and goodwill.

67. Xhale City is entitled to just compensation under the common law of the State of Mississippi.

68. By way of Defendants' conduct, Defendants have caused and are likely to continue causing substantial injury to Xhale City. Xhale City is entitled to injunctive relief and other remedies as the court deems appropriate.

69. Xhale City has no other adequate remedy at law.

## COUNT IV
## COMMON LAW UNJUST ENRICHMENT

70. Plaintiff realleges and incorporates herein, by this reference, the allegations contained in paragraphs 1-69 of this Complaint as if set forth in full.

71. By engaging in the conduct described above, Defendants have directly and knowingly benefitted, including without limitation, to unjust benefits from their unlawful use, misappropriation, and infringement of Xhale City's trademark and goodwill.

72. In addition, Defendants have financially benefited from its wrongful use of the XHALE mark without providing Xhale City with any compensation for that benefit.

73. Xhale City is entitled to just compensation under the common law of the State of Mississippi.

74. Defendants have caused and are likely to continue causing substantial injury to Xhale City. Xhale City is entitled to injunctive relief and other remedies as the court deems appropriate.

75. Xhale City has no other adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Xhale City requests judgment as follows:

1. That Defendants, as well as its members, directors, officers, agents, employees, successors and assigns, and all others acting in knowing consort with them, be permanently restrained and enjoined from:

   a. advertising, marketing, promoting, offering for sale, or providing any services under the Infringing Marks;

   b. using "XHALE" marks or any other copy, derivation, reproduction, colorable imitation, or simulation of Xhale City's mark; and

c. using any trademark, name, logo, design, or source designation of any kind on or in connection with Defendants' services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Xhale City, or are sponsored or authorized by Xhale City, or are in any way connected or related to Xhale City.

2. That the Court finds that Defendants have willfully and deliberately committed actions of service mark infringement;

3. Defendants be compelled to account to Xhale City for any and all profits derived from sales associated with, in connection with, or under any XHALE marks or any connotation thereof;

4. That, in addition to being ordered to pay its profits attributable to the infringing conduct complained of herein to Plaintiffs, Defendants also be ordered to pay its infringing profits as monetary damages, to be increased by the Court by such amount as the Court deems to be just, together with Plaintiffs' damages, all of which, according to the circumstances of this case, should be increased and trebled as provided by law, including 15 U.S.C. § 1117, and paid to Plaintiffs;

5. That Defendants be ordered to pay statutory damages according to law;

6. That the Court declare that this is an exceptional case and award Plaintiff attorneys' fees and costs as provided by law;

7. That Xhale City be awarded pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

8. Based on Defendants' knowing and intentional use of a confusingly similar imitation of Xhale City's mark, the damages awarded be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

9. And based on Defendants' willful and deliberate infringement of the Xhale City mark, and to deter such conduct in the future, Xhale City be awarded punitive damages; and

10. That the Court grant Plaintiff's relief and such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Feder Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Respectfully submitted this the 10th day of May, 2023.

            GREEN RUSH, LLC d/b/a XHALE CITY


            By:*/s/ Matthew D. Miller*
              MATTHEW D. MILLER

MATTHEW D. MILLER (MSB #99210)
Copeland, Cook, Taylor & Bush, P.A.
110 Sheffield Loop (39402)
P.O. Box 17619
Hattiesburg, MS 39404-7619
601.264.6670
601.264.5660 (fax)
mmiller@cctb.com

AMANDA G. HYLAND (Georgia Bar #325115)
FALKNER N. WERKHAVEN (Georgia Bar #835676)
(Motions for *Pro Hac Vice* to be Submitted)
Taylor English Duma, LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
770.434.6868
404.434.7376 (fax)
ahyland@taylorenglish.com
fwerkhaven@taylorenglish.com